UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TISHA HILARIO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 20-cv-05459-WHO<br><br>**ORDER GRANTING FINAL APPROVAL**<br><br>Re: Dkt. No. 142 |

Before the Court is Plaintiff's motion to grant final approval of a proposed class action settlement and award attorneys' fees, reimbursement of litigation expenses, and service award ("Plaintiff's Motion"). On September 4, 2025, the Court granted a motion for preliminary approval of the class action settlement (the "Preliminary Approval Order"). (Doc. 140). The Preliminary Approval Order directed that notice be provided to class members via mail and posted on the class action website. Having considered the motion briefing, the terms of the Settlement Agreement, the arguments of counsel, and all other matters on file in this action, the Court GRANTS the motion for final approval as follows:

1. Final Settlement Approval. The Court fully and finally approves the Settlement as set forth in the Agreement, including the releases contained therein, and the proposed Distribution Plan, as its terms are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23. The Court makes final its preliminary findings that the Settlement satisfies the applicable requirements of Rule 23.

2. In reaching this conclusion, the Court considered the strength of Plaintiff's case, the risk, expense, complexity, and likely duration of further litigation, the risk of maintaining the class action status throughout trial, the result achieved, the stage of the proceedings, the experience and view of counsel, and the reaction of class members to the proposed settlement. The Court finds

1    that the Agreement was entered into at arm's length by experienced counsel.

2        3. The Settlement provides substantial cash payments to the Settlement Class Members.
3    The case was thoroughly litigated by experienced counsel and settled after conducting extensive
4    discovery, litigating class certification, and attending two mediations.

5        4. The Preliminary Approval Order entered on September 4, 2025, authorized Class
6    Counsel to disseminate notice of the Settlement, the fairness hearing, and related matters to the
7    Class. Notice was provided to the Class pursuant to the Preliminary Approval Order, and no
8    objections to the Settlement, the Distribution Plan, attorney's fees, nor service award were
9    received, and only one opt-out request was received. The Court held a final fairness hearing on
10   December 2, 2025 at 2:00 p.m.

11       5. The Court has examined Plaintiff, Tisha Hilario's, efforts and service as the lone class
12   representative, the benefits her participation has provided to the Class, and the risks undertaken by
13   acting as the class representative. The Court APPROVES the requested $20,000 incentive award
14   payment for Plaintiff Tisha Hilario.  This amount is higher than amounts the Court typically
15   awards, but is justified here given Hilario's extensive involvement and time spent on this case,
16   particularly having her deposition taken, having her home inspected twice, attending a full-day
17   mediation session in person, having to secure alternate home insurance, and communicating
18   frequently with counsel during the five years this case has been pending.

19       6. Attorney's Fees. Having considered Plaintiff's Motion for Final Approval, including the
20   award of attorney's fees and costs, along with the exhibits attached thereto, all papers filed in
21   support of the motion, oral arguments presented at the fairness hearing, and the entire docket in
22   this matter, the Court APPROVES the requested attorney's fee of $1,333,333.33 to be paid to
23   Class Counsel from the Final Settlement Fund created by the Settlement.  The upward departure
24   from the Ninth Circuit's 25% benchmark is justified in this case given the excellent result and the
25   extensive, but reasonably spent, hours counsel committed to this case at the District Court and at
26   the Court of Appeals.  10% of this attorney fee award shall be held by the Claims Administrator
27   pending the approval of the Post-Distribution Accounting discussed below.

28       7. Costs Award. The Court APPROVES the requested reimbursement to Class Counsel of

1  $132,732.72 in costs and expenses reasonably incurred in the presentation of settlement of this

2  litigation, to be paid out of the Final Settlement Fund created by the Settlement.

3      8. The cost estimate for the Settlement Administrator is $35,881.00. Under the terms of

4  the Settlement Agreement, those costs are payable out of the Final Settlement Fund. The Court

5  APPROVES reimbursement of $35,881 in Settlement Administrator Expenses.  Any additional

6  Settlement Administration Expenses above this amount may be paid out of the Final Settlement

7  Fund as they become due only on approval by this Court.

8      9. The Court shall entertain any supplemental application for reimbursement of expenses

9  incurred by Class Counsel on behalf of the Settlement Class.

10      10. Class Notice. The Preliminary Approval Order found Plaintiff's proposed Notice Plan

11  constituted due and sufficient notice of the Final Approval Hearing and proposed Settlement

12  Agreement, satisfying the requirements of Rule 23(c)(2).

13      11. The Court finds that the Settlement Administrator completed the delivery of the Class

14  Notice to Settlement Class Members according to the Agreement's terms. The Class Notice

15  complied in all respects with the requirements of Rule 23 and the due process requirements of the

16  United States Constitution and provided due and adequate notice to the Settlement Class. Through

17  the mailing of the Class Notice and establishment of a website including of the Settlement

18  Agreement, Class Notice, and Preliminary Approval Order, the Settlement Class has received the

19  best and most practicable notice of the pendency of this Action, of the Settlement, of the Fairness

20  hearing, and of the Settlement Class Members' rights and options under the circumstances.

21      12. Implementation of Settlement. The Parties are directed to implement the Settlement

22  according to the Settlement Agreement's terms.

23      13. The Court retains jurisdiction for the limited purpose of addressing any issues that

24  arise in the administration and enforcement of the Settlement Agreement.

25      14. This Order shall become effective immediately.

26      15. Counsel shall file the required Post-Distribution Accounting form by May 26, 2026.

27  A status conference is set for Wednesday June 2, 2026 at 2:00 p.m.  That conference may be

28  vacated after the Court reviews the Post-Distribution Accounting.  Counsel may file the Post-

1  Distribution Accounting before May 26, 2026, as long as it is filed after the settlement checks
2  become stale.  The Claims Administrator shall hold the 10% of the attorney fees award until the
3  Court has approved counsel's Post-Distribution Accounting form.
4       For the reasons set forth above, the Court GRANTS Plaintiff's Motion, approving the
5  Settlement Agreement, Class Representative Service/Incentive Award, requested Attorney's Fees,
6  and associated costs.

8       **IT IS SO ORDERED.**
9  Dated: December 3, 2025


William H. Orrick
United States District Judge